## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| J.P. MORGAN SECURITIES LLC | CIVIL ACTION |
| VERSUS | 22-238-SDD-EWD |
| STEPHEN C. SMITH, JR | |

## RULING AND ORDER

### I.   BACKGROUND

On April 11, 2022, J.P. Morgan Securities LLC ("Plaintiff") filed a *Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Expedited Discovery*,[1] seeking to enjoin its former employee, Stephen C. Smith, Jr. ("Defendant"), from soliciting Plaintiff's clients. Defendant opposed.[2] The Court denied in part and deferred in part Plaintiff's *Motion*, finding that Plaintiff had failed to show a substantial likelihood of success on the merits as required for the issuance of a temporary restraining order.[3] In the same *Order*, the Court ordered the Parties to file simultaneous briefs addressing the necessity of a hearing on the request for a preliminary injunction.[4] The Parties complied.[5] For the reasons that follow, the Court will set a hearing on the request for preliminary injunction, and allow limited, expedited discovery.

---

[1] Rec. Doc. No. 2.
[2] Rec. Doc. No. 7.
[3] Rec. Doc. No. 13.
[4] *Id*.
[5] Rec. Doc. No. 16; Rec. Doc. No. 17.

## II.     Request for Preliminary Injunction

Rule 65(a)(1) of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." The Fifth Circuit has interpreted that Rule as follows:

> [W]here factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted. If no factual dispute is involved, however, no oral hearing is required; under such circumstances the parties need only be given ample opportunity to present their respective views of the legal issues involved.[6]

The Court will hold a hearing on the request for a preliminary injunction. In the Court's view, the primary dispute in this case is whether Defendant's contacts with Plaintiff's clients amounted to solicitation or were merely an "announcement." This dispute can only be resolved by examining the substance of Defendant's communications with those clients. As the Court noted in its prior *Order*,[7] there are several factual disputes as to those communications. A hearing is required to resolve these disputes.

## III.    Request for Expedited Discovery

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order." Courts in this circuit may use a "good cause" standard to determine whether expedited discovery is appropriate.[8] A sister court in this District recently summarized the good cause standard:

> The good cause analysis takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited

---

[6] *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (cleaned up).
[7] Rec. Doc. No. 13.
[8] *Elargo Holdings, LLC v. Doe-68.105.146.38*, 2016 WL 10516727, at *3 (M.D. La. May 31, 2016).

> discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made. In a good cause analysis, a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances. Good cause typically exists where the need for expedited discovery outweighs the prejudice to the responding party. The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek.[9]

Further, the Advisory Committee Notes to the 1993 Amendment of Fed. R. Civ. P. 26(d) states that it "will be appropriate [for discovery to begin earlier] in some cases, such as those involving request for a preliminary injunction…."

Plaintiff requests "a brief deposition of Defendant (not to exceed four hours) and paper discovery limited to any JPMorgan documents/information Defendant may have taken, and his communications with JPMorgan clients since he resigned on March 18, 2022, all of which is in the exclusive possession of Defendant and his new employer."[10]

The Court will grant limited, expedited discovery. Plaintiff's request is narrow. It seeks a relatively short deposition, a limited set of responsive documents, and Defendant's communications between select people over the course of roughly one month. The Court finds that narrowly tailored discovery will facilitate the preliminary injunction hearing. The burden on Defendant is relatively light, as the deposition will be brief, and there should not be voluminous responsive documents. Plaintiff has requested discovery far in advance of the typical discovery process, but again, this discovery is necessary to facilitate the preliminary injunction hearing. The request is reasonable because the substance of Defendant's communications with Plaintiff's clients is the critical

---

[9] *Id*. (cleaned up).
[10] Rec. Doc. No. 17, p. 5, n. 1.

issue. Therefore, the Court will grant Plaintiff's request for limited, expedited discovery with one exception.

In a prior status conference,[11] counsel for Plaintiff seemed to suggest that expedited discovery was appropriate as to Defendant's current employer, non-party Ameriprise Financial, Inc. ("Ameriprise"). The Court disagrees. Plaintiff has not established good cause to request expedited discovery of Ameriprise because it has not shown good cause for discovery directed to a non-party. Therefore, to the extent that Plaintiff seeks expedited discovery as to non-party Ameriprise, the request is denied.

**IT IS HEREBY ORDERED** that Plaintiff is permitted expedited discovery of Defendant in conformance with this *Ruling and Order.*

A telephone status conference is set for Thursday, April 28th at 02:30 PM before Chief Judge Shelly D. Dick to discuss the setting of this matter for a preliminary injunction hearing and the scope of discovery. Plaintiff is ordered to propound its proposed requests for production and interrogatories prior to the status conference. If Defendant objects to the scope of the written discovery, the Court will take up objections at the status conference.

Signed in Baton Rouge, Louisiana on <u>April 26, 2022</u>.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. No. 12.